IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03277-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

JANE DOE,

     Plaintiff,

v.

SPENCER NIEWEDDE, Badge No. 24044,
DENVER POLICE DEPARTMENT – DISTRICT 3 STATION,
AARON HOCKMAN, Denver County Magistrate Judge, in his official capacity, and
CLERK OF THE DENVER COUNTY COURT, Civil Division, in official capacity,

     Defendants.

---

## ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM

---

Plaintiff, who identifies herself under the pseudonym Jane Doe, initiated this action *pro se* on July 20, 2026 by filing a Complaint (ECF No. 1). The matters before the Court are Plaintiff's Motion for Leave to Proceed Under Pseudonym (ECF No. 4) and Motion to Restrict Public Access to Sensitive Filings and Attachments (ECF No. 8).

## I. Legal Standards

### A. Proceeding Under a Pseudonym

"Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotations omitted). "'Lawsuits are public events' and 'there is no legal right in parties . . . to be allowed anonymity.'" *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023)

1

(quoting *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998)). "Federal Rule of Civil Procedure 10(a) requires the names of all parties to appear in the caption of a complaint, and the title of all other pleadings must name the first party on each side." *Id*. *See also* Fed. R. Civ. P. 17(a)(1) (providing that "[a]n action must be prosecuted in the name of the real party in interest." No court rule or statute permits pseudonymous pleading. *Luo,* 71 F.4th at 1296 (citing *Femedeer*, 227 F.3d at 1246).

Nonetheless, the Tenth Circuit Court of Appeals has recognized that in "exceptional circumstances" the need for anonymity outweighs the presumption in favor of open court proceedings. *Femedeer*, 227 F.3d at 1246. Exceptional circumstances exist when the case "involve[es] matters of a highly sensitive and personal nature, real dangers of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Luo*, 71 F.4th at 1296 (citing *Zavaras*, 139 F.3d at 803) (other internal quotation marks and citation omitted). *See also Femedeer,* 227 F.3d at 1246. The Court must weigh the Plaintiff's claimed right to privacy against the countervailing public interest in determining the motion to proceed under a fictitious name. *Zavaras*, 139 F.3d at 803.

### B. Restricted Access to Court Filings

The Court's local rules of practice regarding motions to restrict public access provide: "Unless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings." D.C.COLO.LCivR 7.2(a). A party seeking to restrict access must make a multi-part showing: (1) identify the specific document for which restriction is sought; (2) identify the

interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access— such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)–(4). D.C.COLO.LCivR 7.2(c). There are three levels of restriction: "Level 1 limits access to the parties and the court. Level 2 limits access to the filing party and the court. Level 3 limits access to the court." D.C.COLO.LCivR 7.2(b).

Local rule of practice 7.2 recognizes that there is a presumptive right of public access to court filings and proceedings.

> "Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, that presumption is not absolute and may be rebutted "if the public's right of access is outweighed by competing interests." *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)). To overcome the presumption in favor of public access, "the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Id*. (internal quotation marks and citation omitted). It is within the district court's discretion to determine whether a particular court document should be restricted. *Mann*, 477 F.3d at 1149.

*Doe v. Maloit*, No. 24-cv-02383-PAB, 2024 WL 5469949, at *2 (D. Colo. Nov. 14, 2024).

## II.  Discussion

In support of her motion to proceed under a pseudonym, Plaintiff asserts that public disclosure of her legal name, address/location, and other identifying information creates a concrete risk to her physical safety because her mother stabbed and attempted to kill Plaintiff in 2009. (ECF No. 4 at 1-2; ECF No. 5). As a result, Plaintiff

has been separated from her mother and family for years for safety reasons. (*Id.*). Plaintiff states that her mother does not know her current location but is "still actively looking for her," as evidenced by the mother's conduct in 2018, when she attempted to lure Plaintiff to a residential home in Philadelphia as a set-up for an intended drive-by shooting. (*Id.*). Plaintiff states that she has no family support system to protect her if her mother locates her. (*Id.*).

The Court recognizes that the described actions of Plaintiff's mother in 2009 and 2018 were life-threatening to Plaintiff. However, these actions occurred more than seven years ago. Plaintiff's statement that her mother is still looking for her is vague. Plaintiff does not articulate a present threat of imminent danger from her mother which would outweigh the public's interest in disclosure of Plaintiff's identity. *See, e.g., Femedeer*, 227 F.3d at 1246 (denying plaintiff's request to proceed under a pseudonym because plaintiff failed to show a risk of "real, imminent personal danger" if she litigated the action using her real name). The Court finds that based on the present record, Plaintiff has not shown a real danger of physical harm sufficient to overcome the strong presumption of public access.

Moreover, this case does not appear to involve "matters of a highly sensitive and personal nature" that outweighs the presumption of openness. *Luo*, 71 F.4th at 1299. In the Complaint, Plaintiff asserts that the Defendants violated her federal constitutional rights by issuing a defective municipal citation and warrant following an incident on July 2, 2026. (*See* ECF No. 1). Nothing alleged in the Complaint suggests that Plaintiff will be required to "'divulge[ ] personal information of the utmost intimacy,' or 'admit that

4

[she] either had violated state laws . . . or wished to engage in prohibited conduct.'" *Roe v. Colorado Jud. Dep't*, No. 25-1264, 2026 WL 1734700, at *2 (10th Cir. June 16, 2026) (quoting *Coe v. U.S. Dist. Ct. for Dist. of Colo.*, 676 F.2d 411, 416 (10th Cir. 1982). Additionally, Plaintiff is not suing the Defendants to prevent the disclosure of her identity. Thus, "the injury she is litigating against is not likely to be incurred because of the disclosure of her identity in this case." *See, e.g., Doe v. Maloit*, No. 24-cv-02383-PAB-KAS, 2025 WL 358134, at *4 (D. Colo. Jan. 31, 2025) (denying the plaintiff's request to proceed under a pseudonym).

In sum, the Court finds that this action does not involve "exceptional circumstances" where the need for anonymity outweighs the presumption in favor of open court proceedings. Therefore, the motion to proceed under pseudonym will be denied.

For the same reasons, the Court finds that a Level 1 restricted access designation is not appropriate for any of the documents filed in this action to date, except the following: ECF Nos. 2-18, 2-19, 2-20, 2-27 and 2-28 (credit card information); ECF Nos. 2-23 and 2-24 (medical information); and, ECF No. 2-39 (Social Security benefits letter). The Court further finds that Level 1 restricted access is appropriate for these documents because they contain highly personal sensitive financial and medical information. These documents are currently restricted. <u>Plaintiff should refrain from filing any documents containing personal financial or medical information, or any other personal and sensitive information, with the Court in the future unless expressly directed to do so</u>.

Plaintiff will be directed to file an amended Complaint that complies with Fed. R. Civ. P. 10(a).

Plaintiff may file a motion to restrict or redact a specific filing in the future, consistent with the Local Rules. See D.C.COLO.LCivR 7.2.

Accordingly, it is

ORDERED that Plaintiff's Motion for Leave to Proceed Under Pseudonym (ECF No. 4) is DENIED. It is

FURTHER ORDERED that the Motion to Restrict Public Access to Sensitive Filings and Attachments (ECF No. 8) is GRANTED IN PART and DENIED IN PART as follows: the current Level 1 restricted access designation shall be removed from all documents except for the following: **ECF Nos. 2-18, 2-19, 2-20, 2-23, 2-24, 2-27, 2-28, and 2-39**. It is

FURTHER ORDERED that Plaintiff shall file an amended Complaint, on the court-approved general Complaint form, that complies with Fed. R. Civ. P. 10(a), **within 30 days from the date of this Order**. Failure to comply may result in dismissal of this action without prejudice.

Dated July 23, 2026.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge